UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W., <br><br>   Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>   Defendant. | Case No.:  20cv1439-KSC <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT [Doc. No. 21.]** |

On July 27, 2020, plaintiff Frank W. commenced an action against Andrew M. Saul, the Acting Commissioner of Social Security,[1] seeking review of a final adverse decision of the Commissioner. [Doc. No. 1.]  On August 5, 2021, this Court issued an Order affirming the Commissioner's denial of benefits, finding that substantial evidence supports the ALJ's decision that plaintiff is not disabled, because he has the RFC to perform "sedentary work," as defined by Social Security regulations, with additional restrictions, and is able to perform a significant number of jobs available in the national

---

[1]   Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and he is therefore substituted for Andrew M. Saul as defendant. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

1

economy. [Doc. No. 19, at p. 10.]  Judgment was also entered in defendant's favor and against plaintiff on August 5, 2021.  [Doc. No. 20.]

Now before the Court is plaintiff's Motion to Alter or Amend the Judgment [Doc. No. 21] and defendant's Opposition thereto [Doc. No. 23].  Plaintiff's Motion is based on a separation of powers argument recently addressed by the Supreme Court in *Seila Law LLC v. CFPB*, 140 S.Ct. 2183 (2020), and again in *Collins v. Yellen*, 141 S.Ct. 1761, 7883-1784 (2021).  For the reasons outlined more fully below, the Court finds that plaintiff's Motion must be DENIED.

## ***Discussion***

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' [Citation omitted.]  Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' [Citation omitted.]  A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In his Motion to Alter or Amend the Judgment, plaintiff argues that the Court should remand the case to the Commissioner for re-hearing because of a "fundamental" and "clear error of law" based on the two recent Supreme Court decisions cited above. [Doc. No. 21, at pp. 1, 8.]  More specifically, plaintiff contends his claim for disability benefits was decided "under an unconstitutional delegation of authority." [Doc. No. 21, at pp. 3-4.]  According to plaintiff, Andrew Saul held the position of Commissioner of the Social Security Administration ("SSA") until he was terminated by President Biden, and during his tenure, the Supreme Court determined in *Seila Law*, 140 S.Ct. at 2183, that the structure of a comparable Federal agency violated the separation of powers doctrine and was therefore unconstitutional. [Doc. No. 21, at p. 4.]  Plaintiff believes the SSA suffers

August 5, 2021.  Plaintiff has offered no explanation as to why he did not raise the arguments in his Motion prior to August 5, 2021.

Here, this Court agrees with defendant – plaintiff has not satisfied the criteria for reconsideration and amendment of the judgment under Rule 59(e).  There is no reason plaintiff could not have raised his constitutional arguments earlier in this litigation while the parties' cross motions for summary judgment were pending.  Nor is the Court convinced that the Supreme Court's decisions in *Seila Law* and *Collins* support plaintiff's "clear error of law" argument, or that they represent an "intervening change in the controlling law" that would justify relief under Rule 59(e).  Rather, plaintiff's reliance on *Seila Law* and *Collins*, as well as his reliance on *Lucia*, appear to be unsupported and misplaced,

In *Seila Law*, 140 S.Ct. at 2183, a law firm subject to a subpoena by the newly created Consumer Financial Protection Bureau ("CFPB") argued that the subpoena was invalid, because the structure of the CFPB violated the Constitution on separation of powers grounds, and the Supreme Court agreed.  *Id.* at 2194.  The CFPB was led by a single director who could only be removed by the President for "inefficiency, neglect, or malfeasance."  *Id.* at 2191.  This and other features combined to make the structure of the CFPB "incompatible with our constitutional structure" which "scrupulously avoids concentrating power in the hands of any single individual."  *Id.* at 2191-2192, 2202, 2204.  However, the Supreme Court concluded the unconstitutional removal restriction was "severable from the other statutory provisions bearing on the CFPB's authority," so the agency could continue to operate but "its Director . . . must be removable by the President at will."  *Id.* at 2192.  The case was remanded for further consideration of the validity of the subpoena.[2]  *Id.* at 2211.

---

[2]   *In dicta*, while addressing arguments in the case on the structure of the CFPB, the Supreme Court in *Seila Law* mentioned the SSA, and noted it "has been run by a single

The Supreme Court in *Collins v. Yellen*, 141 S.Ct. 1761, considered a similar constitutional challenge to the statutory structure of the Federal Housing Finance Agency ("FHFA"), which was also headed by a single director who could only be removed by the President "for cause." *Id.* at 1770-1771. In this regard, the Supreme Court said "*Seila Law* is all but dispositive" and concluded the "for cause" restriction on the President's removal power violated separation of powers. *Id.* at 1783, 1787. In other words, the director of the FHFA serves at the pleasure of the President and can be removed "at will" despite the statute indicating he could only be removed "for cause." *Id.* at 1784, 1787.

On the other hand, the Supreme Court in *Collins v. Yellen*, 141 S.Ct. 1761, concluded there was no constitutional defect in the method of appointment for the director, and the director was "properly *appointed*," so there was no reason to void any of the actions taking by the FHFA. *Id.* at 1787 (emphasis in original). In other words, there was "no basis for concluding that any head of the FHFA lacked the authority to carry out the functions of the office." *Id.* at 1788. Consequently, any plaintiff seeking relief on separation of powers grounds would have to show that the restriction on the President's removal power caused harm. *Id.* at 1788-1789. For example, the Supreme Court in *Collins* noted there could be a compensable harm if the President "had attempted to remove a Director but was prevented from doing so by a lower court decision holding that he did not have 'cause' for removal. Or suppose that the President had made a public

---

Administrator since 1994." *Seila Law*, 140 S.Ct. at 2202. The Supreme Court also noted that "President Clinton questioned the constitutionality of the SSA's new single-Director structure upon signing it into law." *Id.* On the other hand, the Supreme Court also distinguished the structure of the SSA from that of the CFPB, noting that "the SSA lacks the authority to bring enforcement actions against private parties. Its role is largely limited to adjudicating claims for Social Security benefits." *Id.* The Court suspects this reference to the structure of SSA may be the impetus for the many recent but unfounded and unsupported separation of powers challenges in other SSA disability cases before the District Courts. *See, e.g., Robinson v. Kijakazi*, 2021 WL 4998397 (W.D.N.C. Oct. 27, 2021); *Amanda B. v. Commissioner*, 2021 WL 4993944, at 9 (D. Or. Oct. 26, 2021); *Hester v. Commissioner*, 2021 WL 4476867 (W.D. Wa. Sept. 30, 2021).

statement expressing displeasure with actions taken by a Director and had asserted that he would remove the Director if the statute did not stand in the way." *Id.* at 1789.

In support of his Motion, plaintiff also cites a Memorandum Opinion prepared by the Deputy Counsel to the President entitled "The Constitutionality of the Commissioner of Social Security's Tenure Protection," 45 Op. O.L.C. ___, *slip op.* (July 8, 2021), which is available online. This Memorandum Opinion follows *Collins* and *Seila Law* in concluding that the President "may remove the Commissioner of Social Security at will notwithstanding the statutory limitation on removal in 42 U.S.C. § 902(a)(3)."[3] *Id.* at p. 1.

The Memorandum Opinion also states as follows: "The conclusion that the removal restriction is constitutionally unenforceable does not affect the validity of the remainder of the statute." *Id.* In this regard, the Court notes that Title 42, United States Code, Section 902(a)(1), indicates that the Commissioner is appointed by the President "with the advice and consent of the Senate." 42 U.S.C. §902(a)(1). Section 902(a)(7) gives the Commissioner the authority to "assign duties, and delegate, or authorize successive redelegations of, authority to act and to render decisions, to such officers and employees of the Administration as the Commissioner may find necessary." 42 U.S.C. § 902(a)(7).

In *Lucia*, 138 S.Ct. 2044, the plaintiff challenged an SEC administrative proceeding before an ALJ on the grounds that the ALJ was unconstitutionally appointed in violation of the Appointments Clause. The Supreme Court agreed. The record indicated the ALJ assigned to the plaintiff's case was appointed by "SEC staff members," but the Appointments Clause of the Constitution required that ALJs, as officers of the United States, had to be appointed by the President, a court of law, or the head of a

---

[3] Section 902(a)(3) states in pertinent part as follows: "An individual serving in the office of Commissioner may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3).

department. *Id.* at 2050-2052. The remedy for the unconstitutional appointment was a new hearing before a properly appointed ALJ. *Id.* at 2055.

As plaintiff contends, *Seila Law*, *Collins*, and the Memorandum Opinion referenced in plaintiff's Motion indicate that Section 902(a)(3) of Title 42 is like the statutory removal provisions at issue in these cases and likely violates separation of powers, because it restricts the President's power to remove the Commissioner of the SSA. However, that does not mean the adjudication of plaintiff's disability claim was "infected," "tainted," or decided "under an unconstitutional delegation of authority." [Doc. No. 21, at pp. 3-6.]

As outlined above and as explained by the Supreme Court in the *Seila Law* and *Collins*, the specific sections of the governing removal statutes that violated separation of powers in these cases were separate and severable from other provisions governing the operations of the CFPB and the FHFA. In *Seila Law*, for example, the Supreme Court said the CFPB had the authority to continue its operations despite the separation of powers violation in the removal statute. *Seila Law*, 140 S.Ct at 2192. Likewise, in *Collins*, the Supreme Court said there was no reason to void any of the actions taken by the FHFA, because there was nothing to indicate the method of appointment for the director was unconstitutional or that the director "lacked the authority to carry out the functions of the office." *Collins*, 141 S.Ct. at 1788.

Here, even if the Court assumes that Section 902(a)(3), the removal statute that applies to the Commissioner of the SSA, violates separation of powers, plaintiff has not presented any facts indicating this impacted the SSA's operations or that anyone involved in adjudicating his disability claim at the SSA lacked the authority to do so. Plaintiff does allege in conclusory fashion that "[t]he authority vested in ALJs and the Appeals Council, and the process through which the authority is manifested, is almost identical" to the one found unconstitutional by the Supreme Court in *Lucia*. [Doc. No. 21, at p. 5.] However, this allegation is wholly unsupported.

/ / /

7

20cv1439-KSC

The Supreme Court in *Collins* did indicate it was possible for a party to establish "compensable harm" based on a separation of powers violation in a removal statute. However, the Supreme Court also said that the "compensable harm" would have to have a direct nexus to a separation of powers violation. *Collins*, 141 S.Ct. at 1788-1789. Here, there is no allegation even suggesting a direct nexus between the adjudication of plaintiff's disability claim by the SSA and the alleged separation of powers violation in the removal statute that applies to the Commissioner. Plaintiff's allegations merely express general dissatisfaction with the outcome of the adjudication of his SSA disability claim.

In sum, the Supreme Court's decisions in *Seila Law*, *Collins*, and *Lucia* do not support plaintiff's contention that this Court should grant his Rule 59(e) Motion to Alter or Amend the Judgment based on a "clear error of law." Nor do the Supreme Court's recent decisions in *Seila Law* or *Collins* indicate there is "an intervening change in the controlling law" that would justify relief under Rule 59(e). Therefore, the Court finds that plaintiff's Motion to Alter or Amend the Judgment must be DENIED.

## *Conclusion*

Based on the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's Federal Rule 59(e) Motion to Alter or Amend the Judgment is DENIED. [Doc. No. 21.] Plaintiff failed to present highly unusual circumstances, newly discovered evidence, clear error, or an intervening change in the controlling law that would justify the relief requested.

IT IS SO ORDERED.

Dated:  November 23, 2021

Hon. Karen S. Crawford
United States Magistrate Judge